

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Crozier
County Attorney
Cleburne, Texas

Dear Sir:

Opinion No. O-3756
Re: Deduction of liabilities of
property owner in making
rendition of his property.

In your letter of June 20, 1941, you request our opinion in response to the following questions:

"1. Is the owner of property, owned and used for business purposes entitled to deduct the liabilities of the business from the valuation of the property when rendering it for tax purposes? In other words, if a man owns $5000.00 worth of personal property which is being used to conduct a business, and the business has liabilities amounting to $5000.00 or any amount thereunder, is the owner of the property entitled to a deduction from the valuation to the extent of the liabilities when the property is rendered for taxation?

"2. A person has property in his possession on January 1, under a rental contract providing for the payment of a monthly rental for the property and said contract contains a provision that said property may be purchased by this person upon the payment of a specified amount and that the amounts paid as rent thereon shall apply on the purchase price. Is the value of this property taxable against the person so holding the same prior to his exercising the option to purchase? In the case in question, no bill of sale to the property is to be issued until the full amount of the purchase price is paid at which time a bill of sale is issued."

Honorable R. L. Crozier, Page 2

Article 7145, Revised Civil Statutes, provides that "All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

Article 7147, Revised Civil Statutes, reads in part:

"Personal property, for the purposes of taxation, shall be construed to include all goods, chattels and effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State, whether the same be in or out of the State; all ships, boats and vessels belonging to inhabitants of this State, if registered in this State, whether at home or abroad, and all capital invested therein; all moneys at interest, either within or without the State, due the person, to be taxed over and above what he pays interest for, and all other debts due such person over and above his indebtedness; . . ."

The only provision for deduction of the indebtedness of a taxpayer is the provision underlined in the quoted part of Article 7147. Nowhere in the statutes do we find any authority to permit the deduction mentioned in your first question. A deduction of the indebtedness of a taxpayer from the amount of his taxable personal property is not allowable in the absence of a statute expressly or by implication so providing. 61 C. J. 650. Accordingly we answer your first question in the negative.

We can hardly attempt to answer your second question without having a copy of the contract before us. Also if you wish our opinion in response to that question we would be very glad to have you furnish us with a copy of your opinion and brief on the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

APPROVED JUL 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:LM

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN